AMANDA C. SOMMERFELD (SBN: 185052)
asommerfeld@winston.com
BENJAMIN M. GIPSON (SBN: 222830)
bgipson@winston.com
MICHELLE S. KUNIHIRO (SBN: 271969)
mkunihiro@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

MARI OVERBECK (SBN: 261707)
moverbeck@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants
SEARS HOLDINGS MANAGEMENT CORPORATION (erroneously sued as "Sears Holding Management Corporation")

FILED
2011 MAY 27 P 1:20
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**MEJ**

| | |
|---|---|
| LISA GARVEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEARS HOLDING MANAGEMENT CORPORATION, and DOES 1-50 inclusive,<br><br>Defendants. | Case No. **CV 11 2575**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, Defendant Sears Holdings Management Corporation (erroneously sued as "Sears Holding Management Corporation") ("Defendant") hereby removes the above-captioned matter from the Superior Court of California in and for Alameda County, to this Court. In support of its request, Defendant states as follows:

## I. INTRODUCTION

1. This case is hereby removed from state court to federal court pursuant to the Class Action Fairness Act of 2005 because, at the time the Complaint was filed and at this time: (1) minimal diversity of citizenship exists between the parties; (2) there are at least 100 class members in all proposed plaintiff classes; and (3) the combined claims of Plaintiff Lisa Garvey ("Plaintiff") and all proposed class members exceed $5,000,000 exclusive of interest and costs. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1332(d).

## II. THE STATE COURT ACTION

2. On April 11, 2011, an action was commenced in the Superior Court of California in and for Alameda County entitled *Lisa Garvey v. Sears Holding Management Corporation*, as Case No. RG11571349. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. The Complaint seeks recovery of monetary damages and other relief against Defendant in connection with the purported class claim for alleged violations of California Labor Code § 1198 and Wage Order 7-2001, and pursuant to the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code § 2698 *et seq*. (*See* Complaint ¶¶ 1, 6, 10, 15, 16, 18.)

3. Service was effectuated on Defendant as of April 27, 2011.

4. Plaintiff attempts to assert these claims on behalf of herself and "[a]ll persons who, during the applicable statute of limitations, were employed as a cashiers [sic] for defendants at their Kmart retail stores (including Big Kmart and Kmart Supercenter) in the State of California and were not provided with a seat." (Complaint ¶ 7.)

## III. JOINDER

5. Defendant is not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## IV. BASIS FOR FEDERAL COURT JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

6. The state court action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d) based on diversity jurisdiction. The state court action is properly removable to this Court in that it is a civil action in which minimal diversity exists between the parties, there are at least 100 class members in all proposed plaintiff classes, and the amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, as explained below.

**The Parties' Citizenship**

7. There is minimal diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states.

8. Defendant is informed and believes, and on that basis alleges, that Plaintiff was, at the time of the filing of this action, and still is, a citizen of California. Plaintiff alleges, "Plaintiff Lisa Garvey is an individual residing in the State of California." (Complaint ¶ 2.) Defendant was at the time of the filing of this action, and still is, a citizen of a state other than California. Specifically, Defendant was and is a citizen of Delaware and Illinois, in that it is incorporated in Delaware and maintains its principal place of business in Illinois. (Declaration of Dorian R. Williams "Williams Declaration"), ¶ 2.) Accordingly, Defendant was and is a citizen of a state other than California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . .").

9. Kmart Corporation is a citizen of Michigan and Illinois, in that it is incorporated in Michigan and maintains its principal place of business in Illinois. (Williams Declaration, ¶ 3.)

10. The jurisdictional bar under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4) is inapplicable. Subparagraph (A) of that section is not satisfied because no Defendant is a citizen of the state in which the action was filed. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

11. Likewise, Subparagraph (B) of 28 U.S.C. § 1332(d)(4) also is not satisfied because no Defendant is a citizen of the State of California.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

12. Plaintiff, at all times relevant herein, has been a citizen of California. (*See* Complaint ¶ 2.) Defendant, at all times relevant herein, has been a citizen of a state other than California. (*See* Williams Declaration, ¶ 2.) Hence, complete diversity of citizenship exists in accordance with 28 U.S.C. § 1332(d)(2).

**Number of Putative Class Members**

13. The aggregate number of proposed class members exceeds 100. Specifically, Plaintiff alleges that "the Class consists of well over 1,000 individuals." (Complaint ¶ 9.)

**Amount in Controversy**

14. The amount in controversy between the parties exceeds the minimum sum of $5,000,000 set forth in 28 U.S.C. § 1332(d), exclusive of interest and costs.

15. Plaintiff seeks to recover PAGA penalties for Defendant's alleged violations of California Labor Code § 1198 and Wage Order 7-2001(14), in addition to attorneys' fees and costs. (*See* Complaint ¶¶ 15, 16, 18.) Defendant's assessment of the allegations in the Complaint yields an estimate of the amount in controversy as alleged in Plaintiff's Complaint in excess of $5,000,000, exclusive of interest and costs.

16. Plaintiff seeks "penalties against defendants as provided under Lab. Code section 2699(f)" for the period of "the applicable statute of limitations" for a class consisting of "well over 1,000 individuals." (*See* Complaint ¶¶ 7, 9, 18.) Labor Code § 2699(f)(2) provides for a civil penalty of "one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." All violations are "initial" violations for the purpose of calculating PAGA penalties until "a court or commissioner has notified [the employer] of any violation;" only violations after such notification are considered "subsequent." *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs.*, Case No. 05-1199, 2009 U.S. Dist. LEXIS 69842, at *26 (S.D. Cal. Aug. 10, 2009).

17. The applicable statute of limitations period for claims brought under PAGA is one year. *See* California Code of Civil Procedure § 340; *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (holding that the PAGA statute of limitations is one year).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

18. Following service of the Complaint, Defendant compiled employment data regarding the number of people who were employed as cashiers for Defendant at Kmart retail stores in California during the relevant statutory period. There are approximately 5,617 people who have worked as cashiers for Kmart in California during the applicable one-year statute of limitations period. (Declaration of Gregg Springhorn ("Springhorn Declaration"), ¶ 5.) Furthermore, Kmart policy and practice provides for one pay period per week, pursuant to which the approximately 5,617 cashiers have worked for approximately 127,461 cumulative pay periods within the applicable limitations period. (Springhorn Declaration, ¶¶ 5, 6.) If the allegations in the Complaint are true, and Defendant does not concede that they are, then based on this employment information, the amount of penalties in controversy is $12,746,100 not including costs. This calculation is based on Defendant's employment data and Plaintiff's allegations in the Complaint as follows:

- The actionable period for this cause of action is April 12, 2010 to present ("Actionable Period"). (*See* Complaint ¶ 7 ("during the applicable statute of limitations")). *See also* California Code of Civil Procedure § 340; *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007) (holding that the PAGA statute of limitations is one year).
- There are approximately 5,617 people who have worked as cashiers for Kmart in California during the Actionable Period. (*See* Springhorn Declaration, ¶ 5.) (Indeed, Plaintiff contends that there are "well over 1,000 individuals" in the putative class. (Complaint ¶ 9.))
- During the Actionable Period, the 5,617 California Kmart cashiers have worked for a total of 127,461 cumulative pay periods. (*See* Springhorn Declaration, ¶ 6.)
- Under Labor Code § 2699(f)(2), each of Defendant's alleged "initial violations" provides for a civil penalty of "one hundred dollars ($100) for each aggrieved employee per pay period."
- 127,461 cumulative pay periods * $100 initial violations = **$12,746,100**

19. Thus, based on the allegations in the Complaint and on Defendant's evidence, the amount in controversy exceeds $5,000,000, exclusive of costs.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

20. Attorneys' fees are also included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). Here, Plaintiff's seeks recovery of attorneys' fees based on the underlying California Labor Code section upon which she bases her claims. (*See* Complaint, ¶ 18, Prayer for Relief.)

## V. COMPLIANCE WITH STATUTORY REQUIREMENTS

21. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, there are over 100 proposed class members, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(d).

22. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches hereto as **Exhibit B** true and correct copies of the Civil Case Cover Sheet and Summons. These are the only process, pleadings, or orders in the State Court's file that have been served on Defendant up to the date of filing this Notice of Removal.

23. Defendant received a copy of the Complaint and a Summons from the state court through its registered agent in California for service of process on April 27, 2011. Therefore, this Notice of Removal is filed with this Court within 30 days after service of the Summons and Complaint was deemed effective, in accordance with 28 U.S.C. § 1446(b).

24. As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for Alameda County.

## VI. INTRADISTRICT ASSIGNMENT

25. The state court action was commenced in the Superior Court of the State of California in and for the County of Alameda. Pursuant to Northern District of California, Local Rule 3-2(d), civil actions arising in the county of Alameda shall be assigned to the San Francisco Division or the Oakland Division. Thus, this action may be properly assigned to the San Francisco Division.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

WHEREFORE, Defendant respectfully requests that these proceedings, entitled *Lisa Garvey v. Sears Holding Management Corporation*, Case No. RG11571349, now pending in the Superior Court of the State of California in and for Alameda County, be removed to this Court.

Dated: May 27, 2011

WINSTON & STRAWN LLP

By: Amanda Sommerfeld /ms
Amanda C. Sommerfeld
Attorneys for Defendant
SEARS HOLDINGS
MANAGEMENT CORPORATION

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT A

JAMES F. CLAPP (145814)
jclapp@sdlaw.com
MARITA MURPHY LAUINGER (199242)
mlauinger@sdlaw.com
ZACHARIAH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

KEVIN J. McINERNEY (46941)
kevin@mcinerneylaw.net
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, Nevada 89511
Tel: 775-849-3811
Fax: 775-849-3866

MATTHEW RIGHETTI (121012)
matt@righettilaw.com
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Tel: 415-983-0900
Fax: 415-397-9005

Attorneys for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY
APR 1 1 2011
CLERK OF THE SUPERIOR COURT
By Christine M. Bush, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

LISA GARVEY, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SEARS HOLDING MANAGEMENT CORPORATION, and DOES 1-50, inclusive,

Defendants.

CASE NO. RG 11571349

**CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698 ET SEQ.)**

Plaintiff Lisa Garvey, individually and on behalf of all others similarly situated, alleges as follows:

INTRODUCTION

1. This is a class action and a representative action for recovery of penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section 2698 et seq. PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of herself and other current and former employees to address an employer's violations of the California Labor Code. In this case, defendants violated California Labor Code section 1198 and Wage Order 7-2001, section 14 by failing to provide suitable seats to plaintiff and other current and former employees. Plaintiff seeks penalties on behalf of herself and other current and former employees of defendants as provided herein.

2. Plaintiff Lisa Garvey is an individual residing in the State of California.

3. Defendant SEARS HOLDING MANAGEMENT CORPORATION, and Does 1-50 (referred to collectively as "defendants" and/or "Sears"), own and operate retail stores throughout California, and thus do business throughout California. Further, defendants employed Plaintiff and class members in California. Specifically, Plaintiff Lisa Garvey worked under the "Kmart" brand, which is owned and operated by defendants and wherein she was employed by defendants.

4. Plaintiff does not know the names of those defendants sued as DOES 1 through 50 but will amend this complaint when she learns those names. Plaintiff alleges on information and belief that each of the defendants is the agent, representative, successor, affiliate, officer, director, employee, co-conspirator, or alter ego of each of the other defendants and is in some manner responsible for the wrongdoing alleged herein.

5. Venue is proper in Alameda County because defendants own and/or operate stores in said County and at least some of the alleged wrongdoing occurred in Alameda County.

6. Within the applicable statute of limitations, plaintiff was employed as a cashier at a Kmart retail store owned and operated by defendants. Wage Order 7-2001, which covers the "mercantile industry," states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Id., section. 14(a). Defendants failed

to provide its cashiers, including plaintiff, with seats, despite the fact that the nature of cashier work at defendants' retail stores reasonably permits the use of seats.

CLASS ALLEGATIONS

7. Class Definition: Plaintiff brings this lawsuit on her own behalf and as a class action under Cal. Code Civ. Proc. section 382 and Fed. R. Civ. P. 23. The class ("Class") that plaintiff seeks to represent is defined as follows:

"All persons who, during the applicable statute of limitations, were employed as a cashiers for defendants at their Kmart retail stores (including Big Kmart and Kmart Supercenter) in the State of California and were not provided with a seat."

8. Ascertainable Class: The Class is ascertainable in that its members may be identified and located using information contained in defendants' personnel records.

9. Numerosity: The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. Plaintiff is informed and believes that the Class consists of well over 1,000 individuals.

10. Common Questions of Fact or Law: This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether defendants are subject to the requirements of Wage Order 7-2001, section 14; (2) whether the job of a cashier or the operation of a cash register at defendants' retail locations reasonably permits the use of a seat; (3) what type(s) of seat would be suitable; and (4) the amount of penalties that should be awarded under PAGA.

11. Typicality: Plaintiff's claims are typical of the claims of Class members. Plaintiff and the Class members were injured by defendants' common practice of failing to provide seats to its cashiers and other employees who operate cash registers.

12. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to the interests of the Class.

13. Superiority. A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is

impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

FIRST CAUSE OF ACTION

(Violation of PAGA)

14. Plaintiff incorporates by reference the allegations set forth above.

15. California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. By failing to provide plaintiff and the other Class members with seats, in violation of Wage Order 7-2001, section 14, defendants, and each of them, violated Lab. Code section 1198.

16. PAGA permits an "aggrieved employee" to recover penalties on behalf of himself or herself and other current or former employees as a result of the employer's violations of certain sections of the California Labor Code. Plaintiff is an aggrieved employee, in that plaintiff was employed by defendants as a cashier and was not provided with a seat, in violation of Lab. Code section 1198 and Wage Order 7-2001, section 14. A violation of Lab. Code section 1198 gives rise to private right of action under PAGA.

17. Plaintiff has complied with the PAGA notice provision set forth in Cal. Lab. Code section 2699.3(a)(1). The Labor and Workforce Development Agency has not provided plaintiff with notice that it intends to investigate this violation, although at least 33 calendar days have elapsed since the postmark date of plaintiff's notice. Accordingly, plaintiff is entitled to commence this action.

18. Plaintiff requests penalties against defendants as provided under Lab. Code section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

PRAYER

WHEREFORE, plaintiff requests entry of judgment, on behalf of herself and the other Class members, against each defendant, jointly and severally, as follows:

1. For penalties according to proof;

2. For reasonable attorneys' fees and costs of suit; and

3. For such other relief that the Court deems proper.

Dated: April 8, 2011

RIGHETTI • GLUGOSKI, P.C.

Matthew Righetti
Attorneys for Plaintiff

83199.1

# EXHIBIT B

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Matthew Righetti (121012) John Glugoski (191551) Michael Righetti (258541)
RIGHETTI GLUGOSKI P.C.
456 Montgomery Street, Suite 1400, San Francisco, CA 94104
TELEPHONE NO.: 415.983.0900 FAX NO.: 415.397.9005
ATTORNEY FOR (Name):

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: Lisa Garvey v. Sears Holding Management Corporation

## CIVIL CASE COVER SHEET

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

Complex Case Designation
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER:
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 8, 2011

Matthew Righetti
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

www.accesslaw.com

4/27 @ 2:50P

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

APR 11 2011

CLERK OF THE SUPERIOR COURT
By Christine M. Bush, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SEARS HOLDING MANAGEMENT CORPORATION, and DOES 1-50, inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

LISA GARVEY, individually and on behalf of all others similarly situated, Plaintiff,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court
Rene C. Davidson Courthouse,
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG 11571349

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Righetti, Righetti Glugoski, P.C., 456 Montgomery St. #1400, San Francisco, CA 94104

DATE: *(Fecha)* APR 11 2011 — PAT S. SWEETEN Clerk, by *(Secretario)* CHRISTINE M. BUSH, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: SEARS HOLDING MANAGEMENT CORPORATION

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com