KEVIN J. McINERNEY (46941)
kevin@mcinerneylaw.net
KELLY McINERNEY (200017)
kelly@mcinerneylaw.net
CHARLES A. JONES (224915)
caj@mcinerneylaw.net
McINERNEY & JONES
18124 Wedge Parkway #503
Reno, Nevada 89511
Tel: 775-849-3811
Fax: 775-849-3866

JAMES F. CLAPP (145814)
jclapp@sdlaw.com
MARITA MURPHY LAUINGER (199242)
mlauinger@sdlaw.com
ZACHARIAH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California  92122-1253
Tel:  858-623-4200
Fax: 858-623-4299

MATTHEW RIGHETTI (121012)
matt@righettilaw.com
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94104
Tel:  415-983-0900
Fax: 415-397-9005

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LISA GARVEY, individually and on behalf of all others similarly situated, | CASE NO. Case No. 11-02575 |
| Plaintiff, | ~~[PROPOSED]~~ **ORDER FOLLOWING DISCOVERY HEARING** |
| vs. | |
| SEARS HOLDING MANAGEMENT CORPORATION, and DOES 1-50, inclusive, | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On November 22, 2011, the parties appeared at 10:00 a.m. in the above captioned Court pursuant to the Court's Order [Docket #38] for an in-person meet and confer session in the Court's jury room.  Following the parties' meet and confer session in the Court's jury room, the parties appeared before the Court at 1:30 p.m. for a discovery hearing.   Matthew Righetti appeared for Plaintiff, Lisa Garvey, and Emily Schuman appeared for Defendant, Kmart Corporation.   After considering the letter briefs submitted by both parties as well as the arguments of counsel, and for good cause appearing therefore, the **COURT HEREBY ORDERS:**

1)      Pursuant to agreement by the parties, the written discovery heretofore propounded by Plaintiff to Defendant (Special Interrogatories, Set One and Request for Production of Documents, Set One) shall be limited in scope to the position of Checkout Service Associate and employees that use a cash register in the perimeter departments, including Electronics, Garden, Layaway, Jewelry, Service Desk, Restaurant and Pharmacy.

2)      The Court approves the parties' agreement to use a Belaire procedure (notice to putative class members and opt-out period) for the discovery of the identities and contact information for putative class members.  The notice shall be sent to 300 randomly selected Checkout Service Associates.  If Defendant does not agree to this procedure, the Court shall Order that the letter be sent to 500 randomly selected Checkout Service Associates.

3)      With respect to Defendant's privilege log, the Court finds that Defendant's previously produced privilege log does not comply with the Court's Standing Order.  The Court Orders Defendant to supplement its privilege log to identify all documents Defendant contends are privileged that were created prior to the filing of the San Francisco Superior Court case that

alleges a violation of Section 14 of Wage Order 7 (seating violations) by noon on December 9, 2011. The Court further Orders Defendant to supplement its privilege log pursuant to the Court's Standing Order to properly identify all documents Defendant contends are privileged, that were created up to the filing date of this lawsuit (April 11, 2011), by noon on December 9, 2011, unless Defendant submits a declaration sufficient to convince the Court that it would be too burdensome to identify each document and that there is no likelihood of uncovering any non-privileged documents.

4)     With respect to Defendant's "rolling" document production and the Rule 30(b)(6) deposition set for December 2, 2011, the Court orders that the deposition will proceed as previously scheduled by the parties for the noticed topics on December 2, 2011. If Defendant has not produced all responsive documents prior to December 2, 2011 and confirmed in writing that it has done so, the Court Orders that Plaintiff will be permitted to take the deposition of Defendant a second time after Defendant has completed its document production, and Defendant shall pay all costs associated with the second deposition.

5)     With respect to Special Interrogatory 18 (average amount of time cashiers spend on the cash registers), the Court orders Defendant to confirm in writing by Tuesday, November 29, 2011 whether it intends to rely on information contained in Defendant's "point of sale" records to oppose Rule 23 certification. If Defendant confirms in writing that it will rely on said information, Defendant is Ordered to describe in writing how it intends to use said information and explain what Defendant is willing to produce in order to provide Plaintiff the opportunity to address the information prior to filing its Rule 23 motion. If Defendant does not confirm in writing by Tuesday, November 29, 2011 that it intends to use information from its "point of sale"

records and how it intends to do so, then Defendant is barred from using such information thereafter.

6)      With respect to Special Interrogatories five and six, Defendant is ordered to provide supplemental responses by Tuesday, December 6, 2011.

7)      With respect to Interrogatories nine through fourteen, Defendant is ordered to supplement its responses with the requested information, in so far as it applies to formal requests for a seat by Tuesday, December 6, 2011.

8)      Defendant is ordered to confirm in writing by noon on Tuesday, November 29, 2011 whether it represents formerly employed Kmart Store Managers.

9)      With respect to Requests for Production of Documents fourteen, fifteen, twenty-three and twenty-four, Defendant is ordered to supplement its responses by December 6, 2011, subject to the Court's Order above regarding the production of point of sale information (see number 5 above).

Dated: November 29, 2011.

_____
Hon. William H. Alsup