United States District Court
For the Northern District of California

1
2
3
4
5
6                IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   LISA GARVEY, individually and on            No. C 11-02575 WHA
     behalf of others similarly situated cashiers
11   in the Tulare Kmart store,
12          Plaintiff,                            **ORDER DENYING WITHOUT
                                                  PREJUDICE MOTION TO STAY**
13     v.
14   KMART CORPORATION,
15          Defendant.
16   _____/
17
        In this class action involving seats for cashiers, Kmart moves to stay this action pending

18   resolution of its Rule 23(f) appeal. For the reasons stated below, the motion is **DENIED**

19   **WITHOUT PREJUDICE**.

20      The background of this action has been described in prior orders (Dkt. Nos. 68, 92).

21   Plaintiff Lisa Garvey alleges that defendant Kmart Corporation violated California Wage

22   Order 7-2001(14) by not providing seats to its cashiers. Last month, a class of 72 Kmart cashiers

23   who were not provided with a seat while working at the Tulare store was certified. Class notices

24   were sent on August 8, and the class members have until September 7 to opt out. Fact discovery

25   will end by August 31, and dispositive motions are due by October 4. The trial is scheduled for

26   November 13, 2012.

27      Recently, Kmart filed a petition to our court of appeals seeking interlocutory appeal of

28   the class certification order pursuant to Rule 23(f). Kmart also filed this instant motion to stay

United States District Court

For the Northern District of California

1    proceedings herein pending resolution on its petition for review and, if the petition is granted,

2    pending the outcome of that appeal.

3          Under Rule 23(f), an appeal does not stay proceedings in the district court unless the

4    district judge or the court of appeals so orders.  In deciding whether to stay this action, the

5    following four factors should be weighed:  (1) likelihood of success on the merits of the appeal;

6    (2) harm to the defendant in the absence of a stay; (3) harm to the plaintiff if stayed; and

7    (4) public interest.  *See Leiva–Perez v. Holder*, 640 F.3d 962, 964–70 (9th Cir. 2011); *Gray v.*

8    *Golden Gate Nat'l Recreational Area*, Civ 08-00722, 2011 WL 6934433 at *2 (N.D. Cal. Dec.

9    29, 2011) (Laporte, M.J.) (applying four-factor test for Rule 23(f) stay).

10          The class certification order found substantial evidence of a common policy by Kmart to

11   not provide seating for its cashiers.  The order also found that the common issue of whether

12   Kmart cashiers could have been provided reasonable seating, under an objective analysis of their

13   duties, predominated over individual inquiries.  The order also found that a class composed of

14   cashiers from the Tulare store would be ascertainable and manageable.  On the present record,

15   this order still finds that the Tulare class was properly certified.  On the other hand, serious legal

16   questions raised on a Rule 23(f) appeal can satisfy the requirement of likelihood of success on

17   the merits.  *See, e.g., Gray*, 2011 WL 6934433 at *2.  The class certification order dealt with

18   novel legal issues never addressed by our court of appeals.  Moreover, a sister district court

19   denied class certification under similar circumstances.  *See Kilby v. CVS Pharmacy*, Civ 09-

20   2051, 2012 WL 1132854 (S.D. Cal. Apr. 4, 2012) (Anello, J.).

21          Kmart argues that staying this action would not harm class members and that public

22   interest favors a stay.  Plaintiff Garvey did not argue otherwise in her opposition brief.  Kmart

23   also argues that absent a stay, it will be forced to spend significant resources on trial preparation.

24   On this record, at this stage in litigation, Kmart's argument is unpersuasive.  Even if plaintiff

25   Garvey was only bringing her individual claim to trial, Kmart would still have to expend

26   resources on trial preparation.

27          After weighing all the factors, this order holds that Kmart's motion is **DENIED WITHOUT**

28   **PREJUDICE**.  Kmart may bring a fresh motion to stay after October 4, 2012.  At that time, our

court of appeals may have denied Kmart's petition, thereby mooting this issue.  If, however, a

stay is warranted at that time, litigation resources could still be saved.  This will allow discovery,

expert reports, and summary judgment to go forward while possibly postponing the trial and the

final pretrial conference.


**IT IS SO ORDERED.**


Dated:   August 22, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

3