IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GARVEY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KMART CORPORATION,<br><br>Defendant.<br>_____/ | No. C 11-02575 WHA<br><br>**OMNIBUS ORDER ON MOTIONS IN LIMINE FOR PRETRIAL CONFERENCE** |

The pretrial conference in this action was heard on November 6, 2012. In advance of that conference, plaintiff submitted one motion in limine and defendants submitted two.

**GARVEY MOTION IN LIMINE NUMBER ONE (TO EXCLUDE WITNESSES AND EXHIBITS NOT DISCLOSED DURING DISCOVERY).**

Garvey seeks to exclude testimony from two fact witnesses and one expert witness, who were first disclosed by Kmart after the discovery cut-off had ended. For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE**.

Non-expert discovery ended August 31 with one exception: the parties were allowed to take thirteen addition depositions by September 30 (Dkt. No. 103). Initial expert reports were due September 7; opposition reports were due September 21; and expert discovery ended on October 5 (Dkt. No. 112). Rule 26(e) imposes a duty to supplement or correct the disclosure or discovery response to include information later acquired.

### 1. Dr. Joseph Krock.

Kmart disclosed Dr. Joseph Krock as an opposition expert on damages on October 11 (after the September 21 deadline for opposition reports). Kmart asks this Court to excuse the late disclosure because Dr. Krock was responding to an untimely report by Garvey's damages expert, Mr. Richard Evans (Sommerfeld ¶ 2). Garvey, in turn, admits that her expert report by Mr. Evans was late but attributes her untimeliness to Kmart's late production of data relevant to damages. These late disclosures are addressed in a separate order on Kmart's motion to continue trial.

As stated at the pretrial conference, Dr. Krock may be allowed to offer rebuttal testimony only on subjects addressed by Mr. Evans' in Garvey's case in chief.

### 2. Messrs. Mark Conway and Jesse Gonzalez.

Kmart disclosed fact witness Mark Conway on October 11 (after the September 30 discovery cutoff). Kmart asks this Court to excuse the late disclosure because Mr. Conway's testimony will respond to Garvey's late disclosure of a cash-register "mock-up." Garvey first mentioned the existence of a model of Kmart's cash register in October, a month after fact discovery had closed. Kmart argues that the testimony of Mr. Conway is necessary to respond to Garvey's cash-register model. At the pretrial conference, Garvey agreed to withdraw the mock up as demonstrative evidence. Therefore, the motion to exclude Mr. Conway will be held in abeyance until after Garvey has presented her case in chief.

Garvey also seeks to exclude witness Jesse Gonzalez, who was originally identified as a Kmart fact witness on September 4. Although this disclosure was made after the original discovery deadline, it was made a month before the parties' stipulated extension to allow for more depositions. At the pretrial conference, Garvey conceded that she declined to depose Mr. Gonzalez. Therefore, the motion to exclude Mr. Gonzalez is **DENIED**.

### 3. Exhibits.

Garvey also accuses Kmart of failing to produce exhibits 7, 143, 144, and 145 in response to discovery requests. Kmart responds that these are demonstrative exhibits that were only finished after discovery cutoff. Kmart also contends, without attaching the exhibits, that

2

1  these exhibits are responsive to the untimely-disclosed cash-register model. Without viewing
2  these exhibits, this order cannot properly decide whether these exhibits are admissible.
3  Therefore, Garvey may re-raise its objections at trial when each exhibit is used.

**KMART MOTION IN LIMINE NUMBER ONE (TO EXCLUDE EVIDENCE REGARDING ATTRIBUTES OF KMART STORES OTHER THAN THE TULARE, CALIFORNIA KMART STORE).**

Pursuant to FRE 402 and 403, Kmart broadly seeks to exclude evidence regarding attributes of Kmart stores other than the Tulare store. More specifically, Kmart seeks to exclude testimony by Mr. Mark Richardson and Ms. Tenesha Blake, managers of Kmart's Bay Area stores. For the reasons stated below, the motion is **HELD IN ABEYANCE**.

Kmart is correct that Mr. Richardson and Ms. Blake do not have firsthand knowledge of how Kmart cashiers at the Tulare store performed their duties. Neither Mr. Richardson nor Ms. Blake has been to the Tulare store. Nonetheless, their testimony about the operation of Kmart stores *in general* could be relevant to how the Tulare store operates. Whether their testimony is cumulative and unnecessary will be determined based on other evidence presented at trial. Testimony about how Kmart operates generally may be helpful if evidence specific to the Tulare store is not illuminating. Because this will be a bench trial, the undersigned will place the appropriate weight on the testimony of non-percipient witnesses, and therefore there is unlikely to be unfair prejudice from receiving their testimony. For the same reasons, it is inappropriate to exclude, at this time, all evidence not specific to the Tulare store. Kmart may raise objections at trial on a case-by-case basis.

Moreover, at the pretrial conference, Garvey stated that Mr. Richardson and Ms. Blake would only be used as rebuttal witnesses. Therefore, Kmart's motion to exclude these witnesses will be held in abeyance until after Kmart's affirmative case.

**KMART MOTION IN LIMINE NUMBER TWO (TO EXCLUDE EVIDENCE REGARDING AIMEE GRABAU'S SEATING REQUEST DIRECTIVE).**

Pursuant to FRE 407, Kmart moves to exclude evidence of Aimee Grabau's directive to provide seats to cashiers upon request. For the reasons stated below, the motion to exclude under FRE 407 is **DENIED**.

3

1  During her deposition, Ms. Grabau, Kmart's director of human resources in California,
2  testified that "she the store manager[s] in the State of California [in February 2010] to allow
3  associates running checkout registers that they could use a stool or a seat if they asked for one"
4  (Grabau Dep. at 128). She implemented this directive "to mitigate our exposure to the
5  vagueness of the law regarding the seats" (Grabau Dep. at 129). There is no evidence that this
6  policy directive was told to the employees at the Tulare store (Dkt. No. 92 at 5).

7  The rule for subsequent remedial measures provides:

> When measures are taken that would have made an earlier injury
> or harm less likely to occur, evidence of the subsequent measures
> is not admissible to prove: negligence; culpable conduct; a defect
> in a product or its design; or a need for a warning or instruction.
> But the court may admit this evidence for another purpose, such as
> impeachment or — if disputed — proving ownership, control, or
> *the feasibility of precautionary measures*.

FRE 407 (emphasis added).

This evidence will not be excluded under FRE 407. *First*, this is not a *subsequent* remedial measure. Garvey is seeking damages for violations during and after April 2010. Kmart's policy was implemented in February 2010, two months *prior* to the accused culpable conduct. Kmart's policy directive is therefore not a subsequent remedial measure under Rule 407 because "the rule applies only to changes made after the occurrence that produced the damages giving rise to the action." FED. R. EVID. 407 Advisory Committee Notes; *see also City of Richmond, Va. v. Madison Management Group*, Inc., 918 F.2d 438, 459 (4th Cir. 1990).

Moreover, evidence about this policy directive is relevant to the feasibility of providing seats to Kmart cashiers. Importantly, Kmart disputes that whether the nature of a Kmart cashier's work "reasonably permitted the use of a seat" (Joint Proposed Pretrial Order at 4–5). Kmart argues that seats cannot be reasonably permitted because a seat would "increase health risks for the cashiers[;] . . . decrease customer service[;] . . . not allow sufficient room for the cashier to safely and efficiently perform the work[;] . . . [and] require the elimination of job requirements" (*ibid*). A statewide directive to provide a seat to a cashier upon request is relevant to the issue of whether Kmart could feasibly comply with Wage Order 7-2001, a disputed fact.

4

Moreover, Kmart used this very policy directive as evidence of non-liability in its motion for summary judgment.  Having lost that motion, Kmart now wants to have it both ways by excluding evidence of this policy directive at trial.  This is improper.

**CONCLUSION**

Two caveats:  Any denial above does not mean that the evidence at issue in the motion is admitted into evidence — it must still be moved into evidence, subject to other possible objections, at trial.  And, a grant of a motion in limine does not exclude the evidence under any and all circumstances; the beneficiary of a grant may open the door to the disputed evidence, for example.

**IT IS SO ORDERED.**

Dated:   November 6, 2012. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5