IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GARVEY, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>KMART CORPORATION,<br><br>    Defendant.<br>                                               / | No. C 11-02575 WHA<br><br>**ORDER REQUESTING AMICUS BRIEFS FROM CALIFORNIA AGENCIES** |

In connection with a bench trial now underway, the California Labor Commissioner and the Secretary of the California Labor & Workforce Development Agency are invited to file amicus briefs explaining their views of the meaning of IWC Wage Order 7-2001 Section 14, which reads:

    Seats

> (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.
>
> (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

Of particular interest to the Court are the following questions in the general context of a cashier (checkout service employee) working at a discount retail-store checkout counter:

> (1) Does the word "seats" include lean stools, benches, stools, lumbar bars, or furniture without backs?
>
> (2) If the physical nature of the work requires standing for some tasks and permits (but does not require) sitting for other tasks, and both types of tasks are intermixed, such that a degree of repetitive rising from and returning to a seat would be involved, does "the nature of the work reasonably permit the use of seats"?
>
> (3) If the physical nature of the work could reasonably be done while seated but the employer has a policy of requiring cashiers to remain standing so as to show respect to customers and to leave a favorable impression to the public, then does the "nature of the work" reasonably permit seating?
>
> (4) To what extent should judges and administrators accord deference to business judgments of employers that the nature of the work does or does not reasonably permit the use of seats?
>
> (5) When the nature of the work reasonably could be done while seated in a modified stall, but the actual, existing stall configuration cannot accommodate a seat, does the wage order require an employer to reconfigure to a different configuration, including as needed a larger footprint for the stall?

If amici believe they will be unable to submit a brief within 21 calendar days, please advise the Court when the brief would be submitted and, within reason, the Court will wait, keeping in mind that the sooner the better, given the need of the judge to remember the details of the evidence. A prompt answer to this timing question will be appreciated. The Court does not anticipate any need for amici to review the trial evidence or to indicate any ruling on the merits of the pending trial but rather the Court believes the questions above can be answered by amici as matters of law explaining the scope of their wage order. Any submissions by the parties to amici on these questions would have to be submitted to amici (and the Court) within seven calendar days from the date hereof.

    The Clerk shall immediately serve a copy of this order on the respondents invitee amici.

**IT IS SO ORDERED.**

Dated: November 16, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE