# RIGHETTI · GLUGOSKI, P.C.
## ATTORNEYS AT LAW

March 26, 2013

Hon. William Alsup
**United States District Court,**
**Northern District of California**
450 Golden Gate
Courtroom 8 – 19th floor
San Francisco, CA 94102

**Re: Garvey v. K-Mart Corporation, Case No. 11-02575**

Dear Judge Alsup,

    Plaintiffs hereby submit this letter brief pursuant to the Court's Standing Order in Civil Cases (Docket 21), Para. 25, which provides the mechanism for seeking resolution of outstanding and unresolvable discovery disputes. The dispute centers around Defendant's failure to comply with its discovery obligations, which are set forth in Paras. 12 and 16, of the Court's Standing Order. Plaintiffs' counsel has met and conferred with Defendant's counsel over all of the disputed items, but to no avail.

    Plaintiffs appreciate that the Court prefers the parties to work together to resolve discovery issues informally, and Plaintiffs have tried patiently to do so. But, the April 4, 2013 deadline to file Plaintiffs' class certification motion is on the horizon, and Plaintiffs do not have the luxury of further accommodating Defendant's refusal to provide timely discovery.

    Plaintiffs also note that while Defendant has been studiously stalling Plaintiffs' discovery requests, Plaintiffs have faithfully responded to all of Defendant's written discovery, and Plaintiffs are appearing for deposition at the time and place requested by the Defendant.

    The dispute raised via this correspondence stems from improper and inadequate responses to written discovery and a refusal to provide a FRCP Rule 30(b)(6) deponent on eleven topics. Plaintiffs propounded Special Interrogatories, Set One (four interrogatories), Requests for Production of Documents, Set One (thirteen requests) and a FRCP Rule 30(b)(6) Notice of Deposition with a corresponding document request.

    With respect to interrogatories, Defendant has not provided complete and non-evasive responses. With respect to requests for production of documents, to the extent Defendant was withholding documents on the basis of privilege, Defendant needed to provide a timely privilege

log as set forth in this Court's Standing Order. No such privilege log has been provided. Defendant did not provide verifications to any of the discovery responses.

The following is a brief summary of the dispute:

**Special Interrogatories**

Interrogatory 1: This interrogatory seeks information about putative class member cashier witnesses in California, including from the Redlands and Petaluma stores where Plaintiffs worked. The interrogatory seeks the name, when/where s/he worked as a front end cashier and the contact information for these individuals (home address, home telephone number, cell number and email). Defendant provided us with nothing in response to this interrogatory contending that Ms. Cline and Ms. DelBridge have no standing to seek this information since the Court has yet to rule on their motion to amend/intervene. Defendant suggested that it might consider providing us with generic "coded" information, but under no circumstances would it provide the names and contact information for putative class member witnesses.

Interrogatory 2: This interrogatory seeks information about the individuals who supervised the store cashiers in California (store managers, assistant managers and frontend supervisors). Plaintiff limited its response to the Petaluma and Redlands stores and then refused to provide contact information for any of the formerly employed individual witnesses. During the meet and confer discussion Defendant suggested that it may agree to provide name and contact information for former employees limited to Redlands and Petaluma but would not commit with any certainty.

Interrogatory 3: Defendant has agreed in concept to provide a list of the twenty most commonly purchased items at BigKmart stores in California during the class period. However, nothing was provided in its responses and it Defendant was unclear when it would comply.

Interrogatory 4: Plaintiff has been asking for configuration information about the Kmart stores in California for several months. As we advised the Court on March 1, 2013 (See, Docket 270), after many weeks of delays Defendant specifically promised to provide this information by February 18, 2013. We received nothing. We then propounded written discovery specifically on this issue and again we have received a response that is not

straightforward and direct – simply another promise that it has no intention of providing the requested information until *after* the class certification deadline of April 4, 2013.

**Request for Production of Documents**

Requests 1, 5, 6, 9 and 13: Defendant has responded to these document requests by confirming that information will be forthcoming at some unspecified point in the future. This is a violation of the Court's order – and an issue over which Defendant has been previously admonished.

Requests 3 and 4: Defendant states that it has no information other than information that may have been previously produced with regard to Plaintiff Garvey. This is also a violation of the Court's order.

The Court's Standing Order requires production of all responsive documents -- and confirmation that all responsive documents have been produced. Defendant has once again skirted this obligation and is engaging in a "rolling production" with representations that it "will" produce documents at some point in the future. Para 12 states, "it is not sufficient to state that 'responsive' materials will be or have been produced. Such a response leaves open the distinct possibility that other responsive materials have not been produced." There is no reason why Defendant cannot produce all documents now and confirm all documents have been produced. As the Court has set hard class certification and other pretrial and trial deadlines we are very concerned that Defendant's discovery delays are intended to hamstring our ability to prepare for class certification (i.e., withholding straightforward responses to direct questions and failing to timely produce responsive documents and/or releasing them on a "rolling" basis).

Request 10: This request seeks financial transactions at the Redland and Petaluma stores. Defendant confirms only that it will provide checkout exception reports and electronic journals – without confirming whether there is, or is not, additional responsive information available. As we know from trial Defendant also has "market batch data" and "T-Log" information that it is refusing to even acknowledge in its response.

Likewise, Paragraph. 16 of the Court's Standing Order states:

Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* FRCP 26(b)(5). No generalized claims of privilege or work-product protection shall be permitted. With respect to each

communication for which a claim of privilege or work product is made, the asserting party must at the time of assertion identify:

(a) all persons making or receiving the privileged or protected communication;
(b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication;
(c) the date of the communication; and
(d) the subject matter of the communication.

Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection. The log should also indicate, as stated above, the location where the document was found.

Defendant has not provided <u>any</u> privilege log (the Court previously admonished Kmart about privilege logs as well). Pursuant to the Court's Standing Order, Defendant has waived any privilege. Thus, Plaintiff requests that the Court confirm waiver of the privilege and order immediate production of all requested documents.

**Rule 30(b)(6) Deposition:**

Finally, after extensive meeting and conferring Plaintiff set the FRCP Rule 30(b)(6) deposition of Defendant for March 27, 2013. This was the date specifically requested by Defendant. On March 26, 2013, for the very first time Defendant notified Plaintiffs that it would not be providing a witness with respect to eleven different PMK categories. Instead, Defendant would provide a witness for those eleven categories on "another date mutually agreeable to the parties." Again, not only was this deposition duly noticed, but it was noticed for a date specifically requested by the Defendant. It is a violation of the discovery rules for Defendant to dodge eleven of the deposition topics. After reviewing the objections and responses to the document request that accompanied the FRCP Rule 30(b)(6) notice, it is apparent that Defendant is dodging and delaying much of this discovery as well.

In conclusion, Plaintiff respectfully requests the Court's assistance in addressing the discovery issues highlighted above. Pursuant to Para. 25 of the Court's Standing Order, Plaintiff's counsel is prepared to proceed via written motion, a meeting at the courthouse, or telephone conference, whichever is the Court's preference.

  And, Plaintiff asks that the Court consider vacating the currently scheduled deadlines so Plaintiff is not further prejudiced by Defendant's discovery delays.

              Respectfully submitted,

              **RIGHETTI GLUGOSKI, P.C.**

Cc: All Counsel
Via ECF Filing

              Michael Righetti, Counsel for Plaintiff