IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LISA GARVEY, individually and on behalf of others similarly situated,

Plaintiff,

v.

KMART CORPORATION,

Defendant.

No. C 11-02575 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND TO ADD NEW PLAINTIFFS AND TO ALLOW INTERVENTION AND VACATING HEARING**

## INTRODUCTION

In this certified class action involving suitable seating, a prior judgment issued in favor of defendant and against a class of cashiers from a Kmart store in Tulare, California. Plaintiff now moves to amend to add new plaintiffs who worked at other Kmart locations. For the reasons explained below, the motion is **GRANTED**. The April 4 hearing is **VACATED**.

## STATEMENT

This is a class action under California's Private Attorney General Act of 2004 for alleged violations of California labor codes requiring suitable seating. The action was removed to this district in May 2011. Plaintiff Lisa Garvey originally sought to represent a class of Kmart cashiers throughout California, approximately 5600 individuals from 100 stores (Dkt. No. 75). A July 2012 order certified a narrower class of 71 cashiers who worked in a single Tulare Kmart store where the named plaintiff worked (within the applicable limitations period starting on April 11, 2010) (Dkt. No. 92 at 10). That order also held in abeyance "the extent, if at all, any other Kmart stores will be certified" (*id.* at 9).

The claims of the Tulare Kmart class were tried to the bench in November 2012, resulting in a judgment in favor of defendant in December 2012. Despite ruling in favor of defendant, the December 2012 order noted that "[t]he possibility of certifying a broader class as to the rest of the Kmart stores in California remains open. At trial, no class manageability issues arose and, indeed, it became apparent that class treatment for at least the Tulare store was entirely appropriate" (Dkt. No. 246 at 2). At the conclusion of the evidence but before the Court's verdict, Kmart refused to stipulate to allowing the Tulare case to govern the rest of the stores in California, thus necessitating further trials.

Plaintiff now moves to amend to add two new plaintiffs to the action to replace Ms. Garvey, or in the alternative to permit two new plaintiffs to intervene. The first is Sabrina Cline, a former Kmart cashier who worked in a Kmart store in Petaluma, California, after the start of the class period. The second is Collette DelBridge, a former Kmart cashier who worked in a Kmart store in Redland, California, after the start of the class period. Both Cline and DelBridge submitted a letter to the Labor and Workforce Development Agency on January 28, 2013, stating their intention to seek "penalties against Kmart for violation of Wage Order 7-2001, section 14(A) and 14(B) and Cal. Lab. Code section 1198," and then sought to join this action after the LWDA failed to act on the letter within the statutory notice period. Both former cashiers stopped working for Kmart more than one year prior to sending the LWDA letter.

**ANALYSIS**

Plaintiff contends that amendment should be permitted under Rule 23 in order to protect the interests of the remaining California putative class members and to insure the adequacy of class representation. Plaintiff also contends intervention would be proper under Rule 24, which allows intervention as a matter of right by putative class members.

Defendant does not take issue with these assertions. Rather, defendant contends that amending the complaint to add the two new plaintiffs would be futile because (1) the proposed plaintiffs failed to *timely* exhaust the PAGA administrative process within one year of leaving their work at Kmart and (2) the proposed amended complaint fails to put Kmart on notice of the facts and legal theories asserted. Defendant's arguments are unpersuasive on both points.

*First*, this order holds that the proposed plaintiffs did not fail to timely exhaust their administrative remedies under PAGA because that requirement was tolled. Defendant complains that the putative plaintiffs submitted their letter to the LWDA more than a year after they ceased working at Kmart and that the applicable one year statute of limitations under California Civil Code § 340(a) has therefore run. Defendant does not dispute, however, that both cashiers worked at Kmart locations in California since Ms. Garvey originally filed suit. The July 2012 class certification order held the claims of other putative class members in abeyance pending resolution of the claims of the Tulare certified class. Accordingly, the statute of limitations for the claims held in abeyance did not run. *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 176 n.13 (1974) (commencement of a class action tolls the applicable statute of limitations as to all members of the class).

*Second*, the proposed amended complaint alleges sufficient facts to put defendant on notice of the proposed plaintiffs' claims. A complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A facially plausible claim will specify sufficient factual allegations from which reasonable inferences establishing the defendant's liability can be drawn. *Ibid*. The amended complaint alleges that the proposed plaintiffs worked at Kmart locations other than Tulare during the class period, that they were cashiers, and that they were not provided with seats. At the pleading stage, these allegations are sufficient.

Defendant complains that the proposed amended complaint does not state specific facts such as, (among other things) "what job duties [plaintiffs] could perform while seated" and "the frequency with which they would have to alternate between sitting and standing positions" (Opp. 11). *Iqbal* does not require this level of specificity. The specific facts requested by defendant will be developed during discovery. Defendant also provides no authority for the proposition that the new plaintiffs must allege specific facts "showing why their claim is different from Garvey's" (*ibid.*). At present, plaintiffs' allegations that they worked as cashiers at locations other than the Tulare Kmart suffice.

One of defendant's objections does have merit: the proposed amended complaint does not specify whether the new plaintiffs are proceeding under Section 14(A), Section 14(B), or both. In response, plaintiff concedes the problem and states "[c]learly, the parties focused almost exclusively on Section 14(A) during the Tulare trial, and Plaintiffs intend to proceed in the same manner moving forward" (Reply 5). Although the action is in one sense starting anew, it is nevertheless too late to begin pursing a new theory of liability. Plaintiff will be held to her representation and will be permitted to amend on the condition that the amended complaint specify that the plaintiffs are only seeking relief under Section 14(A).

## CONCLUSION

Subject to the condition explained above, plaintiff's motion for leave to amend and to allow intervention is **GRANTED**. Plaintiff shall file the amended complaint by **APRIL 1 AT NOON**. The April 4 hearing is **VACATED**. The January 10 case management order (Dkt. No. 252) is hereby amended as follows: (1) all initial disclosures must be updated by **APRIL 15**; (2) plaintiffs must file their motion for further class certification by **APRIL 11 AT NOON**.

Plaintiff has submitted a discovery dispute letter regarding defendant's alleged failure to respond to recent written discovery and provide a Rule 30(b)(6) deponent. This order expresses no opinion on that dispute at this time except to note that the parties should cooperate to move discovery forward immediately and expeditiously.

**IT IS SO ORDERED.**

Dated: March 28, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4