IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GARVEY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KMART CORPORATION,<br><br>Defendant. / | No. C 11-02575 WHA<br><br>**ORDER REGARDING DEPOSITION OF JEFF BECKMAN** |

Upon review the parties' letter correspondence, defendant's letter will be construed as a request for a modification of the April 4 order. To the following extent, the request is **GRANTED**. Kmart shall make Jeff Beckman available for live (in person) deposition in San Francisco on **APRIL 17**, the day after he returns from his humanitarian trip to Haiti. Kmart has not shown good cause for any further extension based on vaguely-described "east coast . . . meetings in which he will be delivering presentations." The deadline for plaintiff's motion for class certification will be extended until **APRIL 29 AT NOON**.

Kmart contends that plaintiff's March 6 discovery request seeking "information . . . related to design, re-design, construction, remodeling, configuration, reconfiguration, alterations, additions, and/or modifications . . . to the front end cashier stations at the Petaluma store" does not implicate the Customer Touch Point stations because Kmart "purchased new checkouts in support of that initiative." This contention is rejected. Kmart's contention that it only became aware of plaintiff's interest in the Customer Touch Point issue at the April 4 hearing is likewise rejected. This order notes that Kmart has agreed to produce all responsive hard-copy documents

today. Kmart shall complete its production of responsive electronically-stored information on this topic by **APRIL 15 AT NOON**. Failure to do so may result in appropriate sanctions.

**IT IS SO ORDERED.**

Dated: April 11, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE