IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLETTE DELBRIDGE, individually and on behalf of others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>KMART CORPORATION,<br><br>  Defendant. | No. C 11-02575 WHA<br><br>**OMNIBUS ORDER GRANTING PARTIAL SUMMARY JUDGMENT, DENYING MOTION TO STRIKE, CERTIFYING CLASS, AND DENYING REQUEST FOR DISCOVERY EXTENSION** |

## INTRODUCTION

This action involving seating for Kmart cashiers has now arrived at a second (and final) round of class certification. To the extent stated below, this omnibus order holds as follows: defendant's motion for summary judgment is **GRANTED IN PART** as to plaintiff Sabrina Cline, and otherwise **DENIED**; plaintiffs' motion to strike and request for a discovery extension are **DENIED**; this order will not certify a statewide class but will certify a class for the store where the remaining plaintiff worked.

## STATEMENT

The background has been covered in detail in the December 2012 findings of fact and conclusions of law following a bench trial (Dkt. No. 246 ("Trial Findings")). To summarize, in the earlier round of this action plaintiff Lisa Garvey alleged that defendant Kmart Corporation violated California Wage Order 7-2001(14) by not providing seats to its checkout stand cashiers. Garvey pursued her Private Attorney General Act claim as a class action, seeking to represent other Kmart cashiers in California. A prior order rejected a statewide class in favor of a class

limited to cashiers at a Kmart store in Tulare, California (Dkt. No. 92). Garvey's class claim proceeded to bench trial. At trial, class counsel failed to prove that the nature of the work at the Tulare store reasonably permitted the seating modification urged by counsel at trial (Dkt. No. 246 at 1).

That might well have been the end of the case in the district court, but an opportunity was allowed to add further representatives for other stores. Plaintiffs Sabrina Cline and Collette Delbridge were then allowed to intervene in the action as putative class plaintiffs (Dkt. No. 289). Both are former Kmart cashiers who worked at Kmart stores after the start of the class period. Cline worked at a Kmart in Petaluma. Delbridge worked at a Kmart in Redlands.

Plaintiffs now move for certification of a statewide class of Kmart cashiers on the same claim for relief as Garvey. Plaintiffs also move to strike more than 400 cashier declarations and cashier survey responses submitted by defendant in opposition to class certification, and request additional time to conduct class discovery. In addition, plaintiffs seek Rule 60 relief from the December 2012 judgment on the basis of allegedly withheld evidence of different checkout configurations in Kmart stores. Defendant opposes plaintiffs' motions and moves for summary judgment.

## ANALYSIS

**1. KMART'S MOTION FOR SUMMARY JUDGMENT IS GRANTED IN PART AND DENIED IN PART.**

### A. Legal Standards.

Summary judgment is proper when the pleadings and the evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(a). An issue is genuine only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and material only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

### B. Plaintiff Cline Lacks Standing.

Kmart objects that plaintiff Cline lacks standing because she failed to list and to disclose her claim against Kmart in a bankruptcy proceeding begun in December of 2012. As a result,

2

her claim in this action belongs to the bankruptcy estate. Plaintiffs' counsel concede that Cline lacks standing at present but request that a decision on her claim be "deferred" for 60 days so that she can try to reopen the bankruptcy proceedings and move for the trustee to abandon the claim.

This request is rejected. Plaintiffs' proposed solution would require a major, last-minute modification of our case management scheduling order. Under Rule 16, a scheduling order may be modified "only for good cause." Plaintiffs' counsel had plenty of time to address this deficiency prior to class certification and provide no excuse for their late discovery of Cline's bankruptcy. A 60-day continuance to see if this problem could be fixed, no certainty in any event, would constitute an undue delay of this action. Alternatively, allowing Cline to 'step out' of the action for 60 days (assuming it really would be 60 days) would mean that she would step back in *after* the close of expert discovery and the deadline for dispositive motions. This too would be unworkable. Good cause not shown, plaintiffs' request is **DENIED**.

Plaintiff Cline is **DISMISSED** from the action and to this limited extent Kmart's motion for summary judgment is **GRANTED IN PART**.

### C. The Tulare Trial Findings Are Not the Law of the Case.

Kmart contends that the findings of fact and conclusions of law after the Tulare trial are the law of the case and that they should be applied wholesale to the instant motions. Due to express and binding representations earlier made by Kmart, this order holds that the law of the case doctrine here is limited to the Tulare store itself. Kmart's attempt to stretch the Tulare trial over the entirety of these proceedings is rejected.

On November 13, 2012 (the first day of the Tulare trial), the undersigned judge asked both parties whether they would stipulate to treating the Tulare rulings as representative for all Kmart stores in California. Plaintiffs' counsel were willing to take the gamble. Kmart's counsel, however, refused.

> The Court: Let's say that the defendant wins. . . . Or, lets say plaintiff wins. Is this going to be the end of the story Kmart-wide? . . . [H]ere's the thing. I want you to answer that question right now. Because if you do wind up winning, and you try to take a different position later, you're not going to be

3

|  |  |  |
|---|---|---|
|  |  | allowed to. So I want to hear right now what your position is. . . . [I]s this going to decide this story once and for all, for all stores, or is this going to be a one-off thing? I'm okay either way. It's just if you wind up losing, you're not going to be allowed to adjust. |
|  |  | . . . |
|  | Mr. Wohl: | Our view, your Honor, is that since you've only certified the class of Tulare employees, it would only be binding as to that class or to Kmart as to that class. |

(Dkt. No. 206 at 68–69.) The Trial Findings subsequently issued in December of 2012. Having won, Kmart's counsel reversed field at a post-trial case management conference in January 2010, but the undersigned judge reiterated the prior ruling on the binding effect of Kmart's position.

|  |  |  |
|---|---|---|
|  | The Court: | Mr. Wohl, do you want to try to talk me out of anything? |
|  | Mr. Wohl: | Mr. Righetti had said at the outset of the trial in response to your question that he would abide by the Court's decision in the Tulare case with regard to the rest of the class. |
|  | The Court: | You said you would not. |
|  | Mr. Wohl: | That's right, your Honor. |
|  | The Court: | I am going to hold you to that. You are not going to get away with the old thing, Mr. Righetti said this. I see right through that. . . . That's what you said before. When I asked you that question a few weeks ago, you said, oh, no, this Tulare does not govern other stores. |
|  | Mr. Wohl: | Your Honor, since I wasn't sure which direction you were going to go — |
|  | The Court: | Now when you see which we came out, you have a different tune. |

(Dkt. No. 258 at 3–5 (italics removed).) Kmart's binding representation defines the scope of the last trial's impact. The next trial will be a fresh start for both sides. Kmart's motion for summary judgment is **DENIED**.

    **D.**  **Whether the Nature of the Work Permits a Seat Will Be Addressed at Trial.**

4

Kmart next contends that, apart from the judgment after the Tulare trial, Kmart is still entitled to summary judgment because plaintiffs have failed to establish a violation of Section 14(A) of the Wage Order. Kmart specifically contends that, when viewed as a whole, the nature of the work requires standing, that the checkout stand configurations at the Redlands and Petaluma stores do not accommodate seats, and that Kmart's business judgment should be respected.

Kmart attempts to substantiate these contentions almost exclusively on the basis of the Tulare trial record. For the reasons explained above, the Tulare trial record is not representative of other stores. It otherwise suffices to note that plaintiffs have submitted a declaration from plaintiff Delbridge stating that she believes that she could have performed her cashiering duties while seated (Dkt No. 311-2 at Ex. 11). This creates genuine issues of material fact on the issues raised by Kmart as to cashiers who worked at the Redlands store. In this regard, Kmart's motion for summary judgment is **DENIED**.

### 2. PLAINTIFF'S MOTION TO STRIKE IS DENIED.

Through the course of this action, Kmart and its counsel have been collecting evidence from currently-employed Kmart cashiers. During the first round of class certification, Kmart submitted over 100 declarations from its cashiers regarding the nature of their work. Now in round two, Kmart has submitted more than 400 additional "declarations." Nearly all of these declarations are actually surveys wherein cashiers checked boxes and filled in blanks corresponding to rough estimates of the time they spent engaging in such activities as twisting, reaching, and bending while working at the checkout stands. The survey declarations also include disclosure forms stating, *inter alia*, that the surveys were being collected by Kmart's counsel for use in litigation and that Kmart's interests were potentially adverse to the interests of the declarant cashiers. Another fifteen of the declarations are "Day in the Life" statements written in complete sentences which purport to describe the daily activities of the declarant cashiers. The "Day in the Life" declarants were also provided with disclosure forms, though these disclosure forms are not appended to the declarations (Dkt. Nos. 322–324, 337 at 3 n.1, 337-1 Ex. B).

5

Plaintiffs move to strike these declarations and surveys (Dkt. No. 336) on the ground that Kmart violated California Rule of Professional Conduct 3-600(D) while collecting and preparing them. Section 3-600(D) provides:

> In dealing with an organization's directors, officers, employees, members, shareholders, or other constituents, a member shall explain the identity of the client for whom the member acts, whenever it is or becomes apparent that the organization's interests are or may become adverse to those of the constituent(s) with whom the member is dealing. The member shall not mislead such a constituent into believing that the constituent may communicate confidential information to the member in a way that will not be used in the organization's interest if that is or becomes adverse to the constituent.

Plaintiffs allege that the cashiers who signed the "Day in the Life" declarations did not receive conflict-of-interest disclosures notifying them that their interests as cashiers and potential class members were adverse to Kmart's litigation interests. As for the surveys, plaintiffs allege that the disclosure form that was read to employees was "fundamentally misleading" (Dkt. No. 336). Defendant contends that all employees who completed a declaration or survey signed a disclosure form beforehand and that the forms were fair and non-misleading.

Pre-certification communications with potential class action members are sometimes proper. But "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100 (1981). Counsel do not cite any binding precedent to further define this duty and instead concentrate their fire on *Quezeda v. Schneider Logistics Transloading and Distribution*, No. 12-2188, 2013 WL 1296761 (C.D. Cal. 2013) (Judge Christina Snyder). This order finds that *Quezeda* falls short of providing sufficient support for plaintiffs' request to strike the declarations and surveys.

Plaintiffs' objections are noted. The disclosure forms used by Kmart were, at best, a half-hearted attempt to convert legal language into a format comprehensible to a layperson. The surveys appear to have been collected from the cashiers at their place of work, rather than in a neutral environment. Although the disclosure forms stated that filling them out was voluntary and no adverse action would be taken against the declarants, the context could have encouraged Kmart's employees to overstate their zeal for their work. Thus, given the manner in which the

6

surveys were collected, the accuracy of the information is suspect. And, the "Day in the Life" declarations are particularly problematic since they attempt to convey that Kmart cashiers work long and hard without ever wishing for a stool — but were clearly drafted by attorneys.

For now, however, these problems go to the weight of the evidence, and the declarations will not be stricken. The disclosure forms conveyed that the purpose of the interview was to gather evidence because they stated that the purpose of interview was to "gather information." They conveyed that the interview was occurring in an adversarial context by specifying that the cashier's interests "could be adverse to Kmart's interests." They also were not facially coercive because they stated that participation was voluntary and no action would be taken if a cashier refused to participate. Moreover, in its opposition to the motion to strike, Kmart produced evidence showing that disclosure forms were provided to all cashiers whose declarations and surveys were submitted.

This order finds that — based on the current record — Kmart's method of gathering and preparing the cashier declarations and surveys was not fundamentally coercive or misleading. Accordingly, plaintiffs' objection is **OVERRULED** and the motion to strike is **DENIED**. This ruling on the admissibility of these declarations is for the purposes of the instant motions only. The extent to which these declarations and surveys may be used at trial will be decided later.

To avoid repetition of these arguments, this order **PROHIBITS** Kmart from engaging in any further communications with members of the certified class regarding the subject matter of this litigation and from engaging in further evidence-gathering activities involving communications with members of the class certified below until after judgment, absent leave of the Court.

**3. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION.**

**A. Legal Standards.**

Pursuant to Rule 23(a), for a named plaintiff to obtain class certification, the court must find: (1) numerosity of the class; (2) that there are common questions of law or fact; (3) that the named plaintiff's claims and defenses are typical; and (4) that the representative parties can fairly and adequately protect the interests of the class.

7

This order begins by analyzing commonality and typicality and finds that plaintiffs have adduced sufficient evidence to certify a class limited to the Redlands store where plaintiff Collette Delbridge worked. Next, this order analyzes the adequacy of Ms. Delbridge and her counsel and finds that they will fairly and adequately represent the certified class. Finally, this order finds that plaintiffs have adduced evidence that the certified class will exceed 40 individuals and sets a deadline for **JUNE 20** for filing a list of class members and a proposed form of notice.

### B. The Certified Class Will Be Limited to the Redlands Store.

After the first round of class certification last year, a prior order (Dkt. No. 92) certified a class limited to a single Kmart store (Tulare), represented by a single class plaintiff (Garvey) but refused to certify a statewide class. This order concludes that the same approach is appropriate here: certifying a class limited to the Redlands store where putative class plaintiff Delbridge worked.

The suitability of the Tulare-store class was borne out by trial. The Trial Findings held that class treatment for the Tulare store proved to be "entirely appropriate" (Dkt. No. 246 at 2). This order finds the abundant evidence that class treatment for Tulare was appropriate to be relevant here.

Both sides have also provided evidence relevant to the nature of cashiers' work at the Redlands store. This order finds that plaintiffs' evidence shows sufficient commonality of working conditions among cashiers to certify a Redlands class, and that plaintiff Delbridge's own experience was sufficiently typical for class certification. Conversely, Kmart has not demonstrated that circumstances specific to the Redlands store obviate class treatment. In this regard, it is notable that none of the "Day in the Life" declarations submitted by Kmart is from a cashier working at the Redlands location.

Kmart devotes its class certification opposition to battling a potential statewide class. To the extent that its arguments can be translated to a class limited to a single store, they fall flat. Kmart does not demonstrate that differences in cashiers' physical stature at the Redlands store, or other variances in the experiences of Redlands cashiers, overshadow the evidence of a

8

common policy of not providing seats and the evidence that cashiers spend the majority of their time at their registers performing a limited set of checkout duties. Kmart's argument that determining whether it violated Section 14(A) of the Wage Order would require "individual inquiry into the duties performed by each cashier on a day-by-day basis" is unpersuasive despite the 400+ cashier declarations and surveys it filed, and contradicted by the evidence in the Tulare trial. Plaintiffs also point out that Kmart implicitly concedes that class treatment would be appropriate by arguing — categorically — in its summary judgment motion that the nature of Kmart cashier's work *does not* permit the use of a seat.

Kmart's contention that civil penalties under PAGA cannot be calculated on a class-wide basis was rejected in the first round of class certification.

> As discussed, Kmart had a common policy of not providing seats and the question of whether this policy violated Section 14(A) is amenable to class adjudication. California labor law is clear that "[a]s a general rule if the defendant's liability can be determined by facts common to all members of the class, a class will be certified even if the members must individually prove their damages." *Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004, 1022 (2012); *see also Hilao v. Estate of Marcos*, 103 F.3d 767, 782 (9th Cir. 1996) (approving the use of a statistical sample of the class claims to determine damages). So too here. The issue of damages can arguably be resolved through sampling after the common issue of liability is resolved.

(Dkt. No. 92 at 8). Kmart does not address this holding or the cases on which it relies, and Kmart's recycled damages contentions are again rejected.

Kmart also objects that plaintiffs' trial management plan based on "testimony from Kmart's 30(b)(6) witness and testimony from perhaps a handful of Kmart Cashiers as well as several experts" would not be "viable." This order disagrees. The Tulare trial amply demonstrated that such a trial plan would be adequate for a class limited to a single Kmart store.

This order therefore concludes that a class limited to a single store in which the putative class plaintiff worked would once again be appropriate. Certification of a statewide class, however, is rejected. Following the Tulare trial, plaintiffs' counsel were provided a generous window of time in which to amend the complaint and attempt to add new putative class representatives. They came up with two, one of which has now been dismissed. Although Kmart's 400+ declarations and surveys are not dispositive as to variations among cashier

9

experiences across stores, they do weigh against statewide certification. It behooved plaintiffs to produce additional evidence of commonality among cashier experiences across stores. Additional putative class representatives could have helped shore up plaintiffs' evidence — or perhaps permitted certification of additional stores. Viewed as a whole, plaintiffs have failed to meet their burden to show commonality across Kmart store locations statewide.

Also significant is the fact that the checkout stand configurations differed from store to store. The Tulare trial demonstrated that the configuration of the checkout stand is a key determinant of the nature of a cashier's work. The record shows that in nearly all instances, all the cashier checkout stands in a single store will be the same. Across stores, however, they vary. About 90% of Kmart stores in California use a design known as the "S966" configuration. Yet even this 90% is not truly uniform. According to Kmart, S966 stores "generally" use a bagging table and a "pass-through" (terms well defined in the Trial Findings). The Tulare trial showed that the presence of these features was significant in shaping the nature of a cashier's work. Some S966 stores, however, do not have these two significant features. And, two stores in California use the S944 design, which also does not include a bagging table and pass-through.

The S966 stores can also vary in terms of the placement of the registers. They can be set up in a line, or in a "piggyback" formation. Kmart has adduced evidence from an expert showing that there can be substantial variation in checkout stand activity as between a "regular" S966 store and a "piggyback" S966 store (Dkt. No. 318 at 6–7). The number of registers per store can also vary from as few as five to as many as seventeen, depending on sales volume. This likewise indicates that across stores there is a substantial potential for variation in the workload of individual cashiers.

About 10% of Kmart stores in California use checkout configurations with a conveyor belt (configurations S2007, S930, S940, and S950). These belted configurations further subdivide based on other differences, such as whether they use bagging tables or bagging carousels. Plaintiffs have not adduced sufficient evidence to show that the experience of a cashier using a conveyor belt checkout stand is at all comparable to a cashier using a S966 checkout stand. Based on the existing record, and in particular the expert testimony adduced

10

during the Tulare trial, there is reason to believe that a conveyor belt could materially change the nature of the work.

This variation in checkout stand configurations creates both a problem of manageability and a problem of proof. The Tulare trial required nearly two weeks of trial time for a single store. Developing a factual record sufficient to cover all Kmart store permutations would require a long parade of experts and lay witnesses. This variation, viewed in light of the existing factual record, is also substantial evidence that cashier experiences could vary significantly across stores — even among stores using variations of the S966 configuration.

The upshot is that plaintiffs have not met their burden under Rule 23 to show commonality and typicality across Kmart stores. A class limited to the Redlands store where the sole putative class plaintiff worked, however, can be certified. This order **CERTIFIES** the following class under Rule 23(b)(3): All persons who, during the applicable statute of limitations, were employed as a cashier for defendant at its Redlands Kmart store and were not provided with a seat while working the front-end cash registers. This class definition shall apply for all purposes, including settlement.

### C. Adequacy of Class Counsel and Plaintiff Delbridge.

Kmart objects that class counsel and plaintiff Delbridge are inadequate. As to the former, Kmart contends that class counsel's "resounding defeat" at the Tulare trial and failure to adduce new evidence supporting class certification demonstrates their inadequacy. Kmart's argument mischaracterizes both the Tulare trial and the record, and is therefore rejected.

Kmart's objection to putative class plaintiff Collette Delbridge (the non-bankrupt plaintiff) carries somewhat more weight. Delbridge has a past felony conviction: about 25 years ago she was convicted of possession and sale of marijuana, for which she served six months in prison and three years' probation. Although there is authority for precluding a class representative when they have a felony conviction for fraud or other crime involving deception, Kmart has not identified similar authority relating to a 25-year-old drug offense. To the contrary, there is authority in this district for the proposition that a decades-old crime not involving fraud will not automatically defeat adequacy. *See, e.g.*, *White v. E-Loan, Inc.*, No. 5-

2080, 2006 WL 2411420, at *3–4 (N.D. Cal. Aug. 18, 2006) (Judge Susan Illston) (convictions for car theft and several years spent in prison 30 years ago not sufficient to remove representative from class).

This order is also cognizant that the action will be tried to the bench, which alleviates the concern that the conviction could unduly prejudice the trier of fact. Although it is a debatable issue, given that this is a bench trial this order holds that Delbridge is an adequate class representative.

This order **APPOINTS** Collette Delbridge as class representative for the Redlands class. The parties are requested to henceforth use Delbridge's name rather than Garvey's name in the case caption, as has been done, for example, on this order. Pursuant to Rule 23(g), this order **APPOINTS** Attorneys James Clapp, Kevin McInerney, and Matthew Righetti as class counsel for the Redlands class.

Although plaintiffs have not included a list of Redlands cashiers during the class period, the exhibits to plaintiffs' class certification motion indicate that the number will exceed 40 individuals. Counsel shall have until **JUNE 20 AT NOON** to identify class members and file a list of names. Also by **JUNE 20**, counsel shall submit an agreed-on form of class notice and plan of dissemination and time table.

This is the last class that will be certified in this action. The original deadline for class certification was March 1, 2012, more than 15 months ago. A statewide class was rejected in favor of a class of all front-end cashiers at the Tulare store. After the trial, a final judgment could have been entered. Instead, the Court gave plaintiffs' counsel a further opportunity to find and to add other employees from other stores and to then seek certification of one or more further classes. We have now exhausted this plaintiff-intervention-supplementation exercise and one more store remains to be tried. There will be no more extended opportunities to add new parties. After the upcoming trial, final judgment will be entered.

**4. PLAINTIFFS' REQUEST FOR ADDITIONAL TIME TO CONDUCT CLASS DISCOVERY IS DENIED.**

Plaintiffs request a 45-day extension of the (now expired) May 31 discovery deadline in the case management scheduling order. The primary basis for this request is Kmart's failure to

provide records relating to employees at stores other than the Redlands and Petaluma locations. As explained above, only a Redlands class will be certified. There is thus no apparent need for the additional discovery requested. Good cause to modify the scheduling order has not been shown and the request is **DENIED**. This order is without prejudice to a possible request for leave to serve narrowly-tailored discovery requests on topics demonstrably relevant to the Redlands class (including, potentially, evidence relating to other checkout stand configurations).

### 5. PLAINTIFFS' MOTION FOR RULE 60 RELIEF IS POSTPONED.

The Tulare trial focused in large part on the configuration of the S966 checkout stand used at the Tulare store and the manner in which Tulare cashiers worked within its confines. At the time, it is said, class counsel believed that all Kmart stores in California except for one or two used the S966 configuration. During discovery, class counsel had served document requests calling for documents and schematics relating to other checkout stand configurations. Kmart produced documents relating to the S966 (non-belted) and S930 (belted) configurations. Kmart did not, however, provide documents and schematics relating to the S944 (non-belted) and S2007, S930, S940, and S950 (belted) designs. As noted above, these alternative designs were, in fact, used in about 10% of Kmart stores in California. Class counsel did not learn of these alternative configurations until after it served post-trial discovery on Kmart.

Class counsel contend that had they known of these alternative configurations, they never would have selected the Tulare store configuration as the starting point for their proposed checkout stand design modifications, and that the outcome of the Tulare trial would have been different with this evidence available. They now move for relief from the Tulare trial judgment on the basis of newly-discovered evidence under Rule 60(b)(2), and on the basis of fraud, misrepresentation, or misconduct under Rule 60(b)(3).

This presents a serious issue of possible stonewalling by Kmart and its counsel at the time. This motion needs more attention and will be addressed in a separate, future order. Plaintiff Garvey's appeal of the December 18 judgment following the Tulare trial (Dkt. No. 254) remains pending and divests this Court of jurisdiction over the subject matter of the appeal.

1  Thus, pursuant to Rule 62.1(b), this order hereby notifies the court of appeals that plaintiffs'
2  Rule 60 motion will be entertained because it raises a substantial issue.

### CONCLUSION

4  To the extent stated above, Kmart's motion for summary judgment is **GRANTED IN PART**
5  as to plaintiff Cline, who is **DISMISSED** from the action; the motion is otherwise **DENIED**.
6  Plaintiffs' motion to strike and request for a discovery extension are **DENIED**.

7  This order **CERTIFIES** the following class under Rule 23(b)(3): All persons who, during
8  the applicable statute of limitations, were employed as a cashier for defendant at its Redlands
9  Kmart store and were not provided with a seat while working the front-end cash registers. This
10 class definition shall apply for all purposes, including settlement.

11 Counsel shall have until **JUNE 20 AT NOON** to identify class members and file a list of
12 names. Also by **JUNE 20**, counsel shall submit an agreed-on form of class notice and plan of
13 dissemination and time table.

16 **IT IS SO ORDERED.**

18 Dated: June 11, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE