IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLLETTE DELBRIDGE individually and on behalf of others similarly situated,

    Plaintiff,

  v.

KMART CORPORATION, a corporation,

    Defendant.

No. C 11-02575 WHA

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

## INTRODUCTION

In this certified class action, a third party moves for a protective order following plaintiff's discovery request in another district. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

This action arises out of a dispute between Kmart Corporation and its employees over cashier seating. Original plaintiff Lisa Garvey alleged that by denying its cashiers seating, Kmart violated California labor law. Although in her class action Garvey sought to represent all Kmart cashiers in California, the class was limited to cashiers at a Kmart store in Tulare. A prior order found that the nature of the work at that store did not reasonably permit the seating modification urged by counsel at trial. Subsequently, another class was certified herein for a store in Redlands, which is the focus for the remainder of the dispute.

In May 2013, plaintiff issued two subpoenas to non-parties Pan-Oston Co. and Pan-Oston Holding Company. Pan-Oston is a designer and manufacturer of checkout retail products and fixtures. Plaintiff requested, *inter alia*, testimony regarding:

> Designs and specifications of checkout counters for retailers (including, but not limited to Wal-Mart, Kmart, Target and Safeway) that would allow the use of a seat, a lean stool, or a sit/stand option by the cashier.

Plaintiff suggests that Pan-Oston's testimony and records will reveal that Kmart's competitors provide seating to their cashiers. Allegedly, this is relevant to Kmart's argument that providing seats to its cashiers would lead customers to take their business to Kmart's competitors.

In response to the subpoenas, Pan-Oston moved to quash the subpoenas in the United States District Court for Western District of Kentucky. On June 11, 2013, Magistrate Judge H. Brent Brennenstuhl stayed compliance with the subpoenas until this Court could rule on the present motion.

The undersigned judge thanks Judge Brennenstuhl for his courtesy and consideration. Pan-Oston now moves for a protective order precluding the production of documents and testimony concerning Target and Wal-Mart. According to Pan-Oston, the requested documents constitute trade secrets or otherwise confidential information of Target and Wal-Mart, which would fall into the hands of direct competitor Kmart if disclosed. Pan-Oston submitted declarations from both Target and Wal-Mart to support its position. This order follows briefing by plaintiff, Kmart and non-party Pan-Oston.

**ANALYSIS**

Through this action plaintiff hopes to see Kmart's checkstands replaced by configurations that allow for cashier seating. She seeks the requested documents to establish that such configurations exist and are manufactured by Pan-Oston. Referring to her ergonomic expert, plaintiff submits (Br. 1):

> Dr. Bakken concludes that replacing all the existing front end checkout counters with a design akin to the Pan-Oston model could be accomplished at a reasonable cost and would allow Kmart cashiers the choice of alternating between sitting and standing while performing their front end checkout duties.

2

1 Thus, plaintiff seeks a large number of confidential documents from Pan-Oston merely to show
2 the existence of checkstands that allow for seating. In fact, plaintiff herself submits an example
3 of such a checkstand as an exhibit to her brief.

4 If the competitors of Kmart already use seating in their stores, then this circumstance
5 must be in the public domain and viewable by anyone, including plaintiff's experts. It is
6 unnecessary to require a third party to sift through its records to separate the private matter
7 from the public. Plaintiff has not provided a justification for imposing this burden on Pan-Oston.

8 On the other hand, if any references to providing seating for cashiers in the Pan-Oston
9 materials refer only to potential designs not yet in use, then those materials would be proprietary.
10 To require their production would require a strong need, a case not presented by plaintiff herein.
11 The rationale provided by counsel herein is that Kmart will argue that its competitors will have a
12 competitive advantage since they do *not* allow seating. Even if those competitors have diagrams
13 for potential use in the future, those potentialities have not yet materialized and thus the
14 relevance is diminished to a point that fails to overcome the need to protect the proprietary
15 nature of such private business possibilities and the burden of production by a stranger to the
16 litigation.

## CONCLUSION

18 For the reasons stated above, Pan-Oston's motion for a protective order is **GRANTED**.
19 A copy of this order shall be provided by Pan-Oston to Magistrate Judge H. Brent Brennenstuhl
20 in the Western District of Kentucky.

22 **IT IS SO ORDERED.**

24 Dated: July 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3