IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLLETTE DELBRIDGE, individually
and on behalf of others similarly situated,

    Plaintiff,

v.

KMART CORPORATION,

    Defendant.
   /

No. C 11-02575 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

A June 11 order on plaintiff's motion for class certification certified a class limited to a single store in Redlands, California (Dkt. No. 363). Plaintiff moves for leave to file a motion for reconsideration. For the reasons explained below, the motion is **DENIED**.

Civil Local Rule 7-9(b) provides that a party seeking reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

The June 11 order refused to certify a statewide class because plaintiff failed to satisfy her burden under Rule 23 to show commonality and typicality of cashier experiences across

1  Kmart stores statewide. This decision was based — in part — on the fact that there are multiple
2  checkout stand configurations used in Kmart's stores in California, and that these configurations
3  play a key role in determining the nature of a cashier's work. Plaintiff argues (presumably under
4  Local Rule 7-9(b)(3)) that the June 11 order failed to consider that the one-size-fits-all checkout
5  stand design advocated by plaintiff's expert would render existing checkout stand variations
6  "irrelevant." Plaintiff's reasoning is faulty: it assumes that the only factor that determines the
7  nature of the work is the checkout stand configuration. This has not been proven. Nor was the
8  unitary nature plaintiff's proposed solution missed by the Court: the June 11 order found that
9  even if a single type of register is used, the number and arrangement of registers affects the
10 calculus (Dkt. No. 363 at 10). Thus, the June 11 order did not manifestly fail to consider
11 "material facts or dispositive legal arguments," and a motion for reconsideration on this basis
12 would be inappropriate.

13 Plaintiff also argues that the July 11 order did not "thoughtfully consider" the fact that
14 Kmart only recently disclosed the existence of alternative checkout stand configurations to
15 plaintiff. Therefore, plaintiff argues, there was insufficient time to identify additional class
16 representatives and collect evidence in support of plaintiff's motion for class certification. This
17 contention is rejected. At the time plaintiff moved for class certification, the evidence in favor of
18 certifying a statewide class was inadequate; it remains so. If plaintiff believed that additional
19 pre-certification discovery was necessary, it was incumbent on plaintiff to make a formal motion
20 seeking such relief prior to filing the class certification motion. At that point, plaintiff had been
21 aware of the issue of alternate configurations for at least several months. Plaintiff did not
22 request discovery relief until after filing the class certification motion (Dkt. No. 333). And, the
23 only relief requested by plaintiff was an extension of the *post-certification* discovery time period
24 (which proved to be unnecessary given that the class was limited to a single store).

25 In the alternative, plaintiff requests that some portion of the class certification order be
26 reopened and held in abeyance pending the upcoming evidentiary hearing on Ms. Garvey's Rule
27 60(b) motion. Again, this is too little, too late. The time to request a delay of class certification
28

2

to allow further development of the record has passed.

Plaintiff's motion for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 9, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3