United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLETTE DELBRIDGE, individually and on behalf of others similarly situated,

    Plaintiff,

  v.

KMART CORPORATION,

    Defendant.

No. C 11-02575 WHA

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

## INTRODUCTION

In this class action, the parties jointly move for preliminary approval of the settlement agreement. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

The facts have been set forth in previous orders and need to be repeated in detail (*see* Dkt. No. 246). To summarize, in the earlier round of this action plaintiff Lisa Garvey alleged that defendant Kmart Corporation violated California Wage Order 7-2001(14) by not providing seats to its checkout stands cashiers. Garvey pursued her Private Attorney General Act claim as a class action, seeking to represent other Kmart cashiers in California. A prior order rejected a statewide class in favor of a class limited to cashiers in a Kmart store in Tulare, California (Dkt. No. 92). Garvey's class claim proceeded to bench trial. At trial, class counsel failed to prove that the nature of the work at the Tulare store reasonably permitted the seating modification urged by counsel (Dkt. No. 246 at 1).

That might well have been the end of the case in the district court, but an opportunity was granted to add further representatives for other stores. Plaintiffs Sabrina Cline and Collette Delbridge were then allowed to intervene in the action as putative class plaintiffs (Dkt. No. 289). Both are former Kmart cashiers who worked at Kmart stores after the start of the class period. Cline worked at a Kmart in Petaluma. Delbridge worked in a Kmart in Redlands. A subsequent order dismissed plaintiff Cline from the action and certified a class of cashiers from the Redlands store (Dkt. No. 363).

The parties now move for preliminary approval of a settlement agreement covering all claims of the Redlands and Tulare employees. Key provisions of the settlement agreement are as follows:

> *First,* Kmart will pay $280,000 to settle the action. This amount will cover (1) the LWDA payment; (2) all settlement shares paid to class members; (3) incentive awards for named plaintiffs; and (4) class counsel expenses. The amount will *not* cover costs of settlement administration. The parties have agreed to share, at their expense, settlement administration duties.
>
> *Second*, after deducting class counsel expenses, 75 percent of the remaining fund will be received by the LWDA and 25 percent will be distributed among class members.[*] The fund will be distributed among class members in proportion to the length of their employment at Kmart. Tulare class members will receive a $100 settlement share on average, while Redlands class members will receive a $150 settlement share on average. No class members shall receive a settlement share under $25 or over $200.
>
> *Third,* the settlement agreement provides that class counsel will seek reimbursement of costs in the amount of $150,600. If final approval of the settlement includes approval of costs in excess of $150,600, the excess over $150,600 will be paid only from funds available from uncashed checks for settlement shares.
>
> *Fourth*, the release would apply to all class members in the Tulare and Redlands classes who do not timely opt out, and will release defendant from "the claim that Kmart should have provided them with suitable seats while working at Kmart." Plaintiffs' released claims include "all other claims for civil or statutory penalties . . . all claims for lost wages and benefits, emotional distress, punitive damages and attorney's fees" (Wohl Decl. Exh. A at 14)**.** The release does not include future claims.

---

[*] This is an action brought under the Private Attorney General Act. California Labor Code Section 2699(I) requires that in such actions, 75 per cent of civil penalties recovered by aggrieved employees shall be turned over to the LWDA.

2

1   The notice of settlement will be mailed to class members by class counsel using a list of
2   addresses provided by Kmart. If a class notice is returned as undeliverable, class counsel will
3   employ Accurint and other reasonable and cost-effective methods to locate the class member.
4   The class notice will instruct class members how to object to the settlement if they so desire
5   and will include an op-out form (referred to in the agreement as an election not to participate
6   in settlement). A class member who timely opts out will not participate in or be bound by the
7   settlement.

8   The settlement agreement further provides that former plaintiff Sabrina Cline will be
9   deemed a member of the Redlands class for purposes of the settlement. It also provides that
10  plaintiffs Garvey and Delbridge will each seek a $1000 incentive fee in addition to their
11  respective settlement shares. In no way does this order approve these two provisions.

## ANALYSIS

**1. FORM OF NOTICE.**

Notice must be mailed to the class members by **SEPTEMBER 23, 2013**. Subject to the following revisions, the proposed form of notice is hereby **APPROVED**. The Court wants the class members to have a fair opportunity to comment on the proposed settlement before final approval. The notice should be revised as follows:

- After the title "Notice of Proposed Settlement, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval of Settlement," the following text should be added:

    YOUR CLAIM FOR FAILURE TO PROVIDE SEATING AGAINST KMART WILL SOON BE **EXTINGUISHED** IN FAVOR OF A **SETTLEMENT**.

    This notice has been authorized by the United States District Court to explain the situation to you and to explain your options to either accept the settlement (and give up your own right to sue) versus to opt out of the settlement (and retain your right to sue). You must act promptly if you wish to opt out of the settlement, as explained below.

- In the Tulare notice, after the heading "What Will I Receive From the Settlement?," the following should be added:

    All participating class members shall receive a settlement check in an amount proportionate to the amount of time they have been employed by Kmart. The average settlement amount shall be $100. No settlement check shall be under $25 or over $200.

- In the Redlands notice, after the heading "What Will I Receive From the Settlement?," the following should be added:

    All participating class members shall receive a settlement check in an amount proportionate to the amount of time they have been employed by Kmart. The average settlement amount shall be $150. No settlement check shall be under $25 or over $200.

### 2. INCLUSION OF CLINE IN REDLANDS CLASS.

The agreement provides that "for purposes of the Settlement Cline will be deemed a member of the Redlands Class" (Wohl Decl. Exh. A at 6). This provision shall be stricken from the agreement. Cline was previously dismissed from this action for lack of standing to pursue her claim. She is also ineligible to be a class member as she was never employed by either the Redlands or Tulare store. She therefore cannot participate in this settlement. The language in the notices announcing that Cline will be deemed a member of the Redlands class will also be removed.

### 3. DEADLINE TO OBJECT.

Class members may object to any part of the settlement. All objections must be made in writing and mailed to the address stated in the notice. The objections must be postmarked on or before **11:59 P.M. ON NOVEMBER 22, 2013**. Class members who mail in written objections shall also have an opportunity to speak at the fairness hearing and raise their objection. If the parties seek to file responses to any objections received, they must do so by **DECEMBER 6, 2013**.

### 4. DEADLINE TO OPT OUT.

Class members who wish to exclude themselves from the settlement must do so in writing by submitting a signed and dated opt-out form to the address set forth in the notice. The opt-out form must be postmarked on or before **11:59 P.M. ON NOVEMBER 22, 2013**.

4

**5. MOTION FOR EXPENSES AND INCENTIVE AWARDS.**

The motion for final approval of the settlement must be filed by **NOVEMBER 29, 2013**, and shall be noticed on the normal 35-day track. Counsel must file their motion for expenses and incentive awards to named plaintiffs by **JANUARY 3, 2014**. The motion will be heard at **3:00 P.M. ON JANUARY 9, 2014**, the same day as the final fairness hearing.

**CONCLUSION**

Subject to these revisions, the parties' motion for preliminary approval of the settlement agreement is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE