IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GARVEY and COLLETTE DELBRIDGE, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>KMART CORPORATION,<br><br>    Defendant. | No. C 11-02575 WHA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING IN PART THE MOTION FOR COSTS AND PAYMENT AND ENTERING FINAL JUDGMENT** |

In this class action involving seating for Kmart cashiers, the parties jointly move for final approval of a settlement agreement. For the reasons stated below, the motion is **GRANTED**. Plaintiffs' also move for recovery of litigation costs and a payment to the individual plaintiffs. The motion is **GRANTED IN PART**.

## STATEMENT

The facts have been set forth in previous orders and need not be repeated in detail (Dkt. Nos. 246, 363). To summarize, in the earlier round of this action, plaintiff Lisa Garvey alleged that defendant Kmart Corporation violated California Wage Order 7-2001(14) by not providing seats to its checkout stands cashiers. Garvey pursued her Private Attorney General Act claim as a class action, seeking to represent other Kmart cashiers in California. A prior order rejected a statewide class in favor of a class limited to cashiers in a Kmart store in Tulare, California (Dkt.

No. 92). Garvey's class claim proceeded to a bench trial held from December 13 to 20. At trial, class counsel failed to prove that the nature of the work at the Tulare store reasonably permitted the seating modification urged by counsel. A partial judgment against Garvey and the Tulare class was entered (Dkt. Nos. 246, 247).

That might well have been the end of the case in the district court, but an opportunity was granted to add further representatives for other stores. Plaintiffs Sabrina Cline and Collette Delbridge were then allowed to intervene in the action as putative class plaintiffs (Dkt. No. 289). Both were former Kmart cashiers who worked at Kmart stores after the start of the class period. Cline worked at a Kmart in Petaluma. Delbridge worked at a Kmart in Redlands. A subsequent order dismissed from the action plaintiff Cline and certified a class of cashiers from the Redlands store (Dkt. No. 363).

An August 2013 order granted preliminary approval of a settlement agreement covering all claims of the Redlands and Tulare employees (Dkt. No. 418). The deadline to object or opt out of the settlement was November 22. September and November 2013 orders approved modifications to the settlement agreement, notably an addendum was executed to provide for a 50% greater settlement share to the Redlands class members than the Tulare class members (Dkt. Nos. 423, 429). Class counsel mailed notices to the best available addresses for all class members (Br. 3, 6). No objections were received. Five class members (less than three percent) opted out of the settlement.

In January 2014, the parties appeared for a hearing on their joint motion for final approval of class settlement and plaintiff's motion for recovery of costs and an incentive payment. The parties were instructed to exclude the three individuals who did not receive notice of the proposed settlement and plaintiff was instructed to file invoices justifying their request for $175,000 in costs — 62% of the settlement award. On January 15, plaintiff filed a declaration requesting reimbursement of $150,600 "which represents only a portion of the costs incurred by the three law firms representing the Kmart cashiers" (Dkt. No. 436). Counsel attached invoices totaling $225,541.97.

**ANALYSIS**

A settlement may only be approved after a hearing and a finding that the settlement is "fair, reasonable, and adequate." FRCP 23(e). A number of factors are considered, including:

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Staton v. Boeing Co.*, 327 F.3d 938, 959–60 (9th Cir. 2003).

### 1. THE PROPOSED SETTLEMENT AGREEMENT.

Key provisions of the proposed settlement agreement are summarized below.

*Settlement Class*: The list of 217 participating class members covering the Tulare class and Redlands class and eight excluded class members can be found at docket number 438-1.

*Settlement Payment*: Each participating class member will be "credited with one Settlement Unit for each work week the Class Member worked as a Kmart Checkout Service Associate during the period from April 11, 2010 to August 23, 2013." On average, members of the Redlands class will receive settlement shares that are 50% greater than the settlement shares received by the Tulare class. No class member's settlement share will be less than $25 or more than $200.

The total settlement amount Kmart is obligated to pay in connection with the settlement agreement is $280,000. The California Labor and Workforce Development Agency (LWDA) will receive 75% of the net settlement amount, meaning $280,000 less costs and any payments to individuals Lisa Garvey and Collette Delbridge. Plaintiffs move for $1,000 payments to the individual plaintiff's each and $150,600 in costs.

*Release*: Participating class members release Kmart and related entities from "the claim that Kmart should have provided them with suitable seats while working at Kmart, including all such claims for civil penalties under PAGA, attorney's fees and costs."

The individual plaintiffs, however, provide a broader release. Lisa Garvey and Collette Delbridge release Kmart and related entities from a number of claims, including "any and all

3

claims, known and unknown, including but not limited to claims arising from or unrelated to their employment with Kmart, their compensation while a Kmart employee, and the termination of their employment with Kmart, under federal, state, or local law, statute, ordinance, regulation, common law, or other source of law" and "all other claims for civil or statutory penalties . . . all claims for lost wages and benefits, emotional distress, punitive damages and attorney's fees."

*Uncashed Checks*:   Participating class members must cash their settlement share checks within 120 calendar days after the check was mailed.  If the check is returned, Kmart will take "all reasonable efforts to re-mail" the check to the class member.  If the check is not cashed within 90 days after the last mailing, Kmart will send a letter or postcard (1) informing the class member that unless the check is cashed in the next 30 days, it will be expire and (2) offering to replace the check if lost or misplaced but not cashed.  Regardless of whether the check is cashed, class members are bound by the settlement.

*Pending Appeals*:   Plaintiff Lisa Garvey has a pending appeal of the December 2012 partial judgment (Dkt. No. 247).  Kmart has a pending appeal of the March 2013 taxable costs order (Dkt. No. 283).  These appeals are currently held in abeyance pending approval of the settlement.  The proposed settlement agreement provides that the final judgment should set aside the Rule 60(b) motion and costs order.

*Jurisdiction*:   The parties request that jurisdiction be retained for "all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement."  The parties have not shown good cause to extend jurisdiction beyond one year.  The Court will retain jurisdiction for matters relating to interpretation, administration, and enforcement of this order and the settlement for up to one year from the date of this order.

\*          \*          \*

This order finds that the proposed settlement is fair, reasonable and adequate for three reasons.  *First*, the settlement occurs after the parties have vigorously developed the record for more than two years.  Since 2011, the parties have completed two motions for summary judgment, two motions for class certification, and a six-day trial on the Tulare class claims.  The

4

parties have negotiated the proposed settlement on a developed record and are well-informed of the merits, risks, and costs of this action.

*Second*, no objections to the proposed settlement were received. Notice of the settlement was sent via first-class mail to class members. No class member objected and less than three percent of the class — five class members — opted out. This suggests that the reaction of the class members to the proposed settlement is favorable. Considering the risks, expense, and complexity of litigating this action, the proposed settlement agreement is fair and reasonable.

*Third*, adequate procedural protections have been installed to protect absent class members. Class members received notice of the proposed class settlement and had an opportunity to object. No objections were received. Once an order approves the final settlement, Kmart will pay the settlement amount. Settlement checks will be mailed to the participating class members and they will have adequate time and opportunity to cash their checks or request a new check if their check is misplaced. Class members are also sent a reminder regarding the settlement check. These procedures afford class members adequate protections to make an informed decision.

Accordingly, final approval of the settlement agreement is hereby **GRANTED**.

**2.     PLAINTIFFS' MOTION FOR LITIGATION COSTS AND INCENTIVE AWARD.**

After their request for $175,000 in costs was rejected, plaintiffs' counsel revised their request to $150,600 based on invoices showing that they spent at least $225,541.97 in this action. Given that this action has been pending since May 2011 and plaintiffs have survived a bench trial, class certification, and other hurdles, this order finds that the unique circumstances in this action warrant granting plaintiffs' counsel $140,000 in costs.

Plaintiffs also request $1,000 to plaintiffs Lisa Garvey and Collette Delbridge each. Although plaintiffs justify the payment as an incentive payment — which is disfavored, there is another reason to permit the payment. The scope of plaintiffs' release is broader than the scope of the class release. Counsel have confirmed that the scope of the class release is limited to the certified suitable seating claims whereas the scope of Lisa Garvey and Collette DelBridge's

5

individual release extends to a number of other claims. Accordingly, the motion for $1,000 to Lisa Garvey and $1,000 to Collette Delbridge is **GRANTED**.

## CONCLUSION

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement, the manner in which class members could object to or participate in the settlement, and the manner in which class members could opt out of the class; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval. Accordingly, this order determines that the 217 class members identified in docket number 438-1 are bound by this order and judgment. The eight individuals identified in docket number 438-1 are excluded and not bound by this order and judgment.

2. The proposed class settlement is fair, reasonable, and adequate. Final approval of the class settlement is hereby **GRANTED**. The settlement amount of $280,000 is approved. The California Labor and Workforce Development Agency shall receive $103,500. Individual plaintiffs Lisa Garvey and Collette Delbridge shall receive $1,000 each for their release. A total of $34,500 shall go to the participating class members in accordance with the settlement agreement. The sum $140,000 shall be reserved for plaintiffs' costs to be paid once plaintiffs' counsel have certified that the terms of the settlement have been carried out.

3. Plaintiff Lisa Garvey's motion under FRCP 60(b) (Dkt. No. 315) and the March 2013 taxable costs order (Dkt. No. 283) are hereby set aside in accordance with the class settlement.

4. Final judgment is hereby entered in accordance with the class settlement, the preliminary approval order, and this order.

**IT IS SO ORDERED.**

Dated: January 21, 2014.


WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7